THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRUS DEMORYA WILLIAMS,<br><br> Plaintiff,<br><br>v.<br><br>LT. ZONE, C/O AGNEW, MAJOR T. RATAJEZYLE, C/O D. HERMANN, C. SIMMONS, and NURSE BETTY JOE,<br><br> Defendants. | Case No. 3:23-cv-01941-GCS |

MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

  Plaintiff Demetrus Demorya Williams, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Williams alleges officers at Pinckneyville are racist and have denied him certain supplies.

  This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1]  The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint pursuant to 28 USC § 1915A due to his consent to the full jurisdiction of a magistrate judge (Doc. 11) and the limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the IDOC and this Court.

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Williams alleges in general terms that the correctional officers in his unit are racist. (Doc. 1, p. 5). He also alleges that they are disrespectful to him and the other inmates. Specifically, he asserts that correctional officer ("C/O") Hermann refused him soap and toothpaste on May 27, 2023, and used derogatory language towards him. *Id*. Williams alleges that one of the guards, which may have been Lt. Zone, made a derogatory comment about Mike Brown. *Id*. He also alleges that Nurse Betty Joe and C/O Van refused to provide Williams with his low blood sugar snack at mealtime and, instead, passed the snack to another inmate. He lists the dates May 25, 2023, and May 27, 2023, but it is not clear whether these are the only dates in which he was denied a snack with his meal. *Id*.

## DISCUSSION

There are several issues with Williams's Complaint. Williams fails to provide enough facts to state a claim against any defendant. *See* 28 U.S.C. § 1915A; FED. R. CIV. PROC. 8. *See also DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (noting that a successful complaint generally alleges "the who, what, when, where, and how . . . ."). Williams also does not indicate what constitutional right he believes any named defendant has violated. As to C/O Hermann and Lt. Zone, Williams alleges that they made disrespectful comments and are racist. He points to statements that Lt. Zone (or another officer as Williams does not recall if it was, in fact, Lt. Zone) made about "Mike

Brown". But verbal abuse and harassment is *de minimis* and usually does not rise to the level of a constitutional violation. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977). And while racial slurs are clearly abhorrent, they do not on their own violate the Constitution. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). The simple statements, without something more, fails to state a claim.

Williams further states that C/O Hermann refused to give him soap and toothpaste, but there are no allegations to indicate when he requested these products, whether Hermann was aware of those requests, and Hermann's response. He lists May 27, 2023, as a relevant date but it is not clear what interactions he had with Hermann on this date. Williams simply fails to provide enough facts to state a viable claim against Hermann.

Williams furthermore fails to provide adequate factual allegations to state a claim against Nurse Betty Joe and C/O Van. He alleges that they "constantly" refused his low blood sugar snack, and says they provided his snack to another inmate on May 25, 2023, and May 27, 2023. But Williams fails to provide any facts to suggest their "refusal" amounted to deliberate indifference to his medical needs. To demonstrate deliberate indifference, Williams must allege that a defendant was aware of the serious medical condition and either intentionally or recklessly disregarded it. *See Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). Negligence is not enough; a plaintiff must demonstrate that a defendant denied medical care altogether, delayed care, continued with ineffective treatment, or departed substantially from accepted professional judgment. *See Brown v.*

*Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022). Williams's claims fall far short of this standard. There are no allegations to suggest that Williams was entitled to that specific snack bag or that the inmate received Williams's bag, as opposed to his own snack bag. Thus, the claims against Betty Joe and C/O Van are also **DISMISSED without prejudice**.

Finally, Williams lists individuals in the case caption but fails to include any allegations against these individuals. These individuals include C/O Agnew, Major T. Ratajezyle, and C/O Simmons. There are no allegations against these individuals in Williams's statement of claim. Thus, these individuals are **DISMISSED without prejudice**.

Williams's claims may also violate the rules of joinder by including all his grievances together in a single Complaint. *See* FED. R. CIV. PROC. 18-21. *See also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (noting that "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). In addition to alleging claims against correctional officers for their attitude towards Williams, he also alleges that C/O Van and Nurse Betty Joe denied him his snack bag for low blood sugar. Although both claims took place while at Pinckneyville, the claims do not appear to arise from the same transactions or occurrences and share no common questions of fact. Nor is there any indication that the defendants for each claim would be the same. Should Williams continue to pursue the unrelated claims, the unrelated claims would be subject to severance into separate lawsuits, for which he will owe a filing fee and may also incur a "strike" within the meaning of 28 U.S.C. § 1915(g).

Thus, Williams's Complaint is **DISMISSED without prejudice** for failure to state a claim. Williams will be granted leave to amend his Complaint.

### PENDING MOTIONS

As to his motion for counsel (Doc. 5), Williams indicates that he has a GED but does not specify why he believes counsel is necessary in this case. Nor does he indicate whether he tried to obtain counsel on his own. Under the portion of the form motion directing Williams to declare whether he has contacted any attorneys for representation he states, "yes officers refusing me any support" and then refers to his access to toothpaste, tissues, snack bag, and phone. *Id.* at p. 1. Thus, it is not clear whether Williams has made any attempt to contact counsel or if he has been prevented from doing so by staff. *See, e.g.*, *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (setting forth a two-fold inquiry which asks: (1) has the indigent plaintiff made a reasonable effort to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself.). Williams's motion for counsel is, therefore, **DENIED**. Should Williams choose to move for recruitment of counsel in the future, the Court **DIRECTS** him to (1) contact at least three attorneys regarding representation in this case prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Williams should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in this case.

## DISPOSITION

For the reasons stated above, Williams's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **September 28, 2023**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. *See* FED. R. CIV. PROC. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Williams's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Williams must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Williams is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with

this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: August 31, 2023.**

Digitally signed by Judge Sison
Date: 2023.08.31 10:02:23 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**